IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:16-CR-201-L** |
| | § | |
| **ADAM JOSEPH SALINAS** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Motion to Sever (Doc. 25), filed by Defendant Adam Joseph Salinas ("Defendant" or "Salinas") on January 9, 2017. After considering the motion, response by the Government, the superseding Indictment, and applicable law, the court **denies** the Motion to Sever (Doc. 25).

I.  **The Parties' Contentions**

Salinas moves to sever the Felon in Possession of a Firearm charges in Counts 1, 4, and 6 of the superseding Indictment ("Indictment") from being tried in this case with the remaining charges for Possession with Intent to Distribute a Controlled Substance (Counts 2, 3, and 7) and Using and Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of a Drug Trafficking Crime (Counts 5 and 8). Salinas contends that allowing the Felon in Possession of a Firearm charge to be tried with the other counts violates Federal Rules of Criminal Procedure 8(a) and 14 because the Government will be allowed to introduce otherwise inadmissible evidence of his prior felony conviction, which could potentially taint the reliability of any verdict rendered by the jury. Salinas contends that he will suffer unfair prejudice if the Felon in Possession of a Firearm counts are not severed from the other counts, and a limiting instruction would be insufficient to protect his right to a fair trial. In support of his motion, Defendant cites only one case, *United States*

**Memorandum Opinion and Order – Page 1**

*v. McCarter*, 316 F.3d 536, 538-39 (5th Cir. 2002), for the proposition that, in certain cases, the government's motive for including a felon-in-possession count in an indictment is a factor in determining whether severance is warranted.

The Government contends in response that joinder of the felon-in-possession counts is proper because the counts are of the same or similar character, arise out of Defendant's scheme to sell guns and drugs, and Counts Four and Six are based on the same set of facts. The Government further asserts that Salinas has failed to show that he will suffer compelling prejudice if he is required to proceed to trial on all counts in the Indictment because his prior March 1, 2010 felony conviction for delivery of a controlled substance in violation of Texas law is admissible under Rule 404(b) as extrinsic evidence to prove his intent and knowledge in committing the drug offenses charged in this case, and the evidence against him is overwhelming. The Government contends that the Fifth Circuit has frequently held that extrinsic evidence of past drug offenses is admissible to prove a defendant's knowledge and intent, and that such evidence is more probative than prejudicial when the defendant is charged with another drug-related offense. Government's Resp. 11-12.[*]

## II.  Analysis

While extrinsic evidence of other crimes, wrongs, or acts is inadmissible to prove the character of a person or show that the person acted in conformity with that character, Rule 404(b) permits the use of such evidence to prove knowledge or intent, as long as its probative value is not substantially outweighed by its potential prejudicial effect. *Harris*, 932 F.2d at 1534 (citing *Beechum*, 582 F.2d at 911) (explaining that, to be admissible, extrinsic evidence must be relevant

---

[*] For support, the Government cites the following cases: *United States v. Arnold*, 467 F.3d 880, 885 (5th Cir. 2006); *United States v. Harris*, 932 F.2d 1529, 1534 (5th Cir. 1991); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc); *United States v. Brumfield*, 615 F. App'x 177 (5th Cir. 2015) (per curiam); *United States v. Thomas*, 294 F. App'x 124, 129 (5th Cir. 2008); and *United States v. Gordon*, 248 F. App'x 521, 524 (5th Cir. 2007).

to an issue other than a defendant's character, and "the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of [R]ule 403.").

In this case, Salinas is charged in Counts 2, 3, and 7 of the Indictment with Possession of a Controlled Substance with Intent to Distribute (methamphetamine and heroin), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)-(C). Knowledge and intent are statutory elements of the offense of possession with the intent to distribute a controlled substance in violation of 21 U.S.C. § 841. *United States v. Silva-DeHoyos*, 702 F.3d 843, 848 (5th Cir. 2012). As the Government correctly notes, the Fifth Circuit has previously held that a defendant's prior drug conviction can be probative of whether he or she had the requisite intent and knowledge in committing a presently-charged drug offense, and proof of a defendant's prior drug activities in this context is considered more probative than prejudicial. *Arnold*, 467 F.3d at 885 (upholding the admission of a prior drug conviction, reasoning that "under Rule 404(b), the 1995 drug conviction can be probative of whether Arnold controlled and possessed these drugs found at this residence in 2004"); *Harris*, 932 F.2d at 1534 ("Clearly more than character was at issue in this case, since intent and knowledge are statutory elements of the crime charged. As to the relative probative value of the evidence, our court has previously held that proof of prior drug activities is more probative than prejudicial.") (citing *United States v. Stephenson*, 887 F.2d 57, 59 (5th Cir. 1989); and *United States v. Henthorn*, 815 F.2d 304, 308 (5th Cir. 1987)).

According to the Government, Salinas's prior March 1, 2010 felony conviction is for delivery of a controlled substance. Because Salinas's prior conviction and the offenses charged in Counts 2, 3, and 7 of the Indictment similarly allege that Salinas possessed controlled substances with the

**Memorandum Opinion and Order – Page 3**

intent to distribute them, the court **concludes**, based on the aforementioned Fifth Circuit authority and the limited information before the court, that the March 1, 2010 conviction may be probative of whether, as alleged in the Indictment, Salinas possessed the controlled substances with the intent to distribute them, and that the probative value of such evidence is not substantially outweighed by its potential prejudicial effect. As evidence of the March 1, 2010 conviction is admissible under Rule 404(b) to prove Salinas's knowledge or intent with respect to the drug charges in Counts 2, 3, and 7, severing the Felon in Possession of Firearm counts from the other counts in the Indictment would not prevent the admission of or the jury's consideration of this evidence. Thus, severing the Felon in Possession of Firearm counts would serve no useful purpose in this case. Moreover, any potential prejudice can be cured with a limiting instruction that admonishes the jury to consider the March 1, 2010 conviction only for the purpose of determining Defendant's knowledge and intent with respect to Counts 2, 3, and 7. *See Harris*, 932 F.2d at 1534.

### III. Conclusion

For the reasons stated, the court **denies** the Motion to Sever (Doc. 25). In ruling on the Motion to Sever, the court expresses no opinion about the merits of the case, the strength of the evidence against Salinas, or the Government's contention that the evidence against Salinas is overwhelming, as no evidence was presented in support of or opposition to the Motion to Sever. Further, because of the limited information available to the court regarding Defendant's prior conviction(s), the court's ruling on the Motion to Sever is limited to the issue of whether Defendant's March 1, 2010 conviction for delivery of a controlled substance referenced in the Government's response may be admissible under Rule 404(b) and does not apply to the issue of whether any other prior convictions of Defendant might be admissible.

**It is so ordered** this 25th day of April, 2017.

_____
Sam A. Lindsay
United States District Judge